THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v. WALTER C. CASON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 10, 1962—Decided September 13, 1962.

Before Judges CONFORD, GAULKIN and KILKENNY.

*Mr. Walter C. Cason,* defendant-appellant, *pro se.*

*Mr. Stanley E. Rutkowski,* Prosecutor of Mercer County, for the plaintiff-respondent (*Mr. J. Charles Popkin,* attorney).

The opinion of the court was delivered by

CONFORD, S. J. A. D.   This is an appeal from a denial without hearing of a writ of *habeas corpus* (the *pro se* pleadings from "Verified Complaint" through the appellate documents are inappropriately captioned in the name of the prisoner as defendant rather than as plaintiff).

The essence of the complaint is that the prisoner was improperly represented by assigned counsel and advised by him to withdraw a plea of not guilty and plead guilty to the charge in the indictment of obtaining administration of narcotics by fraud.   He was sentenced thereon to State Prison for a term of 2 to 15 years on January 16, 1959, and remains confined to this date.   There is apparently a record of a number of prior convictions, some for similar offenses.   A motion after sentence to withdraw the plea of guilty was denied.

The State's contention is that the prisoner went to the Mercer Hospital in Trenton, fraudulently complained of a kidney condition to obtain narcotics, using a false name,

and received treatment by morphine. Appellant says he went to the hospital in fact only for treatment of such a kidney condition, and was actually operated on at the prison hospital for that condition after conviction. He complains that his attorney made no effort to determine the truth of this defense.

Subsequent to the filing and dismissal of his complaint in the Law Division seeking *habeas corpus,* the prisoner expanded his attack on the conviction by charging that his assigned attorney promised him that if he pleaded guilty he would receive a sentence of only four months in the county workhouse.

Plea of guilty was entered by the prisoner August 26, 1958. At the appearance of the prisoner with his counsel for sentencing, he was interrogated by the judge purportedly in accordance with *R. R.* 3:7–10(d) so that the latter might "ascertain that he understood the meaning of his plea, and that it was voluntarily entered and not the result of any promises, threats or other inducements made by the prosecutor." The transcript of the hearing shows an unequivocal and iterated concession by the prisoner on interrogation by the court that no promises as to sentence were made to him "by the Prosecutor or anyone else." However, in the course of questioning the prisoner as to his other signed answers to the questions on Criminal Procedure Form 13A, which had been executed by the defendant before acceptance by the court of the plea of guilty, *R. R.* 3:5–2(b), considerable evidence of dissatisfaction with his assigned attorney was expressed by the prisoner. He stated he did not remember signing the statement and that he did not at the hearing then being conducted by the sentencing judge understand the questions ("I sure don't"). When the judge said: "Well, Mr. * * * [assigned attorney] tells me you understood them when you signed it," the prisoner responded: "That is what he thinks, but I didn't"; also, that the attorney was "a very poor one if you are asking my opinion."

Thereafter, the judge interrogated the prisoner about each of the questions and answers on the form, and the prisoner apparently reiterated the signed answers contained thereon, possibly intending to indicate his current (at the time of sentencing) realization of the charge against him and the maximum punishment provided therefor by law, and the fact of the voluntary character of his plea. However, at no time during the interrogation did the sentencing judge specifically ask the defendant whether he still wished his guilty plea to stand, notwithstanding the obvious dissatisfaction the defendant was then expressing with his assigned attorney and the character of his representation of him, as well as the ambiguity of his responses concerning his understanding of the questions on the form. Moreover, before imposing sentence, the judge read into the record a letter the defendant had written him prior to the sentencing session complaining that the assigned attorney had not obtained either witnesses or written proof in support of what defendant regarded as facts material to his legal position and informing the judge that he "only used" narcotics for his "painful kidney condition."

It is true that the prisoner did not unequivocally declare his innocence, deny the voluntary and understanding nature of his plea either at the taking of the plea or at the time of sentencing, or make a statement clearly interpretable as a request prior to sentencing to be permitted to withdraw the plea of guilty. Yet it seems to us that out of a proper sense of precaution, under the circumstances, a wise exercise of discretion would have called for an express request by the court of the prisoner before imposing sentence to say specifically whether he *now* understood the charge and the penalty imposable by law and wished *now* to have his plea of guilty stand and to submit to sentence.

What we have said does not, however, of itself establish a right on the part of the prisoner to relief from his plea of guilty and to be permitted to replead. Such a right depends, first, upon whether defendant made any

request therefor and asserted his innocence, expressly or by intelligible implication, before actually being sentenced. If not, his subsequent right to relief from the plea depends upon whether the facts and circumstances show "manifest injustice which requires correction through vacation of the conviction and the granting of a trial. See *R. R.* 3:7–10(a)," *State v. Deutsch,* 34 *N. J.* 190, 198 (1961). In this regard, to the extent that appellant may be relying on an alleged promise by his attorney, his contrary admission to the sentencing judge as well as on the signed form will weigh heavily against him but it is not conclusive. *Id.,* at *p.* 201. If there is an affirmative finding on the issue of request to vacate plea and claim of innocence before actual sentencing, the prisoner will be entitled to the more liberal kind of judicial discretion indicated as appropriate in such circumstances in the *Deutsch* case, *supra* (at *p.* 198).

The cause is remanded to the Law Division with directions to conduct a hearing forthwith on the factual issues mentioned hereinabove and any others which may be material, and for an appropriate determination and judgment. For this purpose, there should be an assignment of counsel to represent the prisoner. Counsel may wish to consider amending the complaint so that it may express the full scope of the issues complained of in the appellate brief of the defendant, those mentioned in this opinion, or any other which counsel may deem appropriate. However, defendant should be advised by counsel of the penalties for false swearing or perjury.

Reversed and remanded for further proceedings in conformance with this opinion.